UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-10087-RWZ


ALNYLAM PHARMACEUTICALS, INC.,
and ISIS PHARMACEUTICALS, INC.

v.

TEKMIRA PHARMACEUTICALS CORPORATION

MEMORANDUM OF DECISION

September 24, 2012


ZOBEL, D.J.

  Plaintiffs Alnylam Pharmaceuticals, Inc. ("Alnylam") and Isis Pharmaceuticals, Inc. ("Isis"), have sued defendant Tekmira Pharmaceuticals Corporation ("Tekmira") for patent infringement, claiming that Tekmira has infringed six pharmaceutical patents held by Alnylam and Isis. One of those patents, U.S. Patent No. 7,695,902, is held by Alnylam as co-exclusive licensee of Isis, and is the ground for the first cause of action in plaintiffs' complaint. Five of the patents are held by Alnylam as exclusive licensee of Tekmira in a specified field, and are the grounds for the second through sixth causes of action. Tekmira moves to dismiss the second through sixth causes of action for lack of standing.

**I. Background**

  Count 1, which pertains to the '902 patent, is not implicated by the present motion.

1

The other five patents[1] have a different ownership history. The University of British Columbia ("UBC") granted all substantial rights in those five patents to Tekmira's predecessor corporation, Inex Pharmaceuticals Corporation.[2] Tekmira then granted Alnylam an exclusive sublicense over those five patents, which was amended and restated in 2008. Under that sublicense, Alnylam has the exclusive right to use the patents "to Research, Develop, Manufacture and Commercialize Alnylam Royalty Products in the Alnylam Field." Docket # 17, App. B ("License") § 6.1.1(a). The "Alnylam Field" is defined as "the treatment, prophylaxis and diagnosis of diseases in humans using an RNAi Product or miRNA Product." Id. § 1.5.

In 2010, Tekmira entered into a multi-year agreement with Bristol-Meyer Squibb ("BMS") to develop new drug products. Alnylam claims Tekmira's actions under its agreement with BMS have violated Alnylam's patent rights. Tekmira now moves to dismiss for lack of standing as to the five patents it exclusively sublicenses to Alnylam, arguing that the exclusive sublicense does not give Alnylam the right to enforce the patents against Tekmira.

**II.     Legal Standard**

"Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue." Abraxis Bioscience, Inc. v. Navinta LLC, 625 F.3d 1359, 1363 (Fed. Cir. 2010). If a plaintiff fails to establish standing, its claims must be

---

[1] Specifically, U.S. Patents No. 6,858,225; No. 6,815,432; No. 6,534,484; No. 6,586,410; and No. 6,858,224.

[2] Since the parties agree that Tekmira is Inex Pharmaceutical Corporation's successor in interest, the court will refer to both as "Tekmira."

dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Id. at 1364.

In considering a motion under Rule 12(b)(1), the court accepts as true all well-pleaded factual allegations in the complaint; the court may also consider other uncontested documents relevant to the complaint. 5A Charles Alan Wright et al., Federal Practice & Procedure § 1327 (West 2012) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading . . . ."); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001) (court may consider "an explanatory affidavit or other repository of uncontested facts").

### III. Analysis

In patent infringement cases, the plaintiff's standing depends on showing that the plaintiff has a "legally protected interest" in the patent such that it "can be said to suffer legal injury from an act of infringement." Propat Int'l Corp. v. Rpost, Inc., 473 F.3d 1187, 1193 (Fed. Cir. 2007). An exclusive licensee has such an interest. Id. However, an exclusive licensee's standing is limited by the scope of the exclusionary rights it holds. It cannot sue a person for infringement unless it has the right to exclude that person from practicing the patent. WiAV Solutions LLC v. Motorola, Inc., 631 F.3d 1257, 1266-67 (Fed. Cir. 2010).[3]

---

[3] There is also a prudential standing requirement in patent cases that a licensee cannot sue for infringement unless the patent owner is also a party. The parties apparently agree that prudential requirement is met in this case because Tekmira is a

The parties agree that within the specified field, Alnylam is an exclusive licensee of the five patents at issue. Thus, Alnylam would normally have standing to sue for any patent infringement in that field. But Tekmira argues that Alnylam lacks standing here because the exclusive sublicense only grants Alnylam the right to enforce the patents against third parties, not against Tekmira. It rests this argument on section 10.3.2(a) of the agreement, which grants Alnylam "the sole and exclusive right to initiate an infringement or other appropriate suit anywhere in the world against any Third Party." License § 10.3.2(a). The term "Third Party" is defined elsewhere in the agreement to mean an entity other than Alnylam, Tekmira, or their affiliates. Id. § 1.110.

Tekmira's argument is unavailing. As the Federal Circuit has recently explained, "the touchstone of constitutional standing is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." WiAV Solutions, 631 F.3d at 1265. In this case, the exclusive sublicense plainly grants Alnylam the right to exclude all parties—including Tekmira—from using the patents at issue in Alnylam's field. Because Alnylam has the right to exclude Tekmira in this field, it has constitutional standing to sue Tekmira for infringement in this field. See id. at 1266 (constitutional standing is ordinarily "coterminous" with exclusionary rights).

Tekmira and Alnylam could certainly have written a provision into their contract explicitly denying Alnylam the right to sue Tekmira for infringement, or explicitly

---

party, and Tekmira owns all substantial rights in the patents. Docket # 17, Tekmira Mot. at 3; see WiAV Solutions, 631 F.3d at 1265 n.1.

4

reserving Tekmira the right to practice in Alnylam's field. "Express covenants may, of course, regulate the duties between the licensor and licensee to implement the rights of the parties." Ortho Pharm. Corp. v. Genetics Inst., 52 F.3d 1026, 1034 (Fed. Cir. 1995). But explicitly granting Alnylam the right to sue third parties does not implicitly deny it the right to sue Tekmira. The provisions of section 10.3.2, when read in context, simply explain how the parties intend to address acts of infringement by third parties; they do not speak to whether the parties should be able to sue each other for infringement. The most natural reading of the license agreement as a whole is that Tekmira transferred to Alnylam all the rights associated with an exclusive license in Alnylam's field—including the right to sue Tekmira for infringement in that field. See Delano Farms Co. v. Cal. Table Grape Comm'n, 655 F.3d 1337, 1343 (Fed. Cir. 2011) (interpreting patent license agreement according to its "most natural reading"). Therefore, Alnylam has standing to sue Tekmira on the claims asserted.[4]

## IV. Conclusion

Tekmira's motion to dismiss the second through sixth causes of action (Docket # 16) is DENIED.

   September 24, 2012                      /s/Rya W. Zobel

       DATE                                  RYA W. ZOBEL
                                               UNITED STATES DISTRICT JUDGE

---

[4] In its motion to dismiss, Tekmira cites to Rule 12(b)(6) (governing dismissal for failure to state a claim) as well as Rule 12(b)(1). However, it gives no reasons for dismissal under Rule 12(b)(6) beyond its arguments under Rule 12(b)(1). Its motion cannot be sustained under either Rule.